IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JORDAN JUSTICE PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:15-cv-00671-JO |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner of ) | OPINION AND ORDER |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

JONES, J.,

Plaintiff Jordan Parker appeals the Commissioner's decision denying his application for supplemental security income under Title XVI of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

## PRIOR PROCEEDINGS

Parker alleged disability beginning January 1, 2006, due to Crohn's Disease, bipolar disorder, depression, anxiety, and carpal tunnel syndrome. Admin. R. 17, 19-20. The ALJ applied the sequential determination process set forth in the regulations and described in *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The ALJ found that Crohn's Disease and Bipolar II disorder adversely affected Parker's ability to perform basic work activities. Admin. R. 19. The ALJ found that, despite these impairments, Parker retained the residual functional capacity ("RFC") to perform work

1 - OPINION AND ORDER

at all levels of physical exertion, involving only simple instructions and without public contact or teamwork assignments. In addition, the ALJ found that Parker needed ready access to a bathroom and up to three unscheduled bathroom breaks of up to ten minutes each during a workday. Admin. R. 22. The ALJ considered Parker's description of his past work as a janitor and found that it did not require work activities precluded by his RFC. In addition, the vocational expert ("VE") testified that the occupation of janitor, as generally performed in the national economy, did not require activities precluded by his RFC. Accordingly, the ALJ determined that Parker could perform past relevant work and was not disabled within the meaning of the Social Security Act. Admin. R. 30-31.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence may be less than a preponderance of the evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Under this standard, the court must consider the record as a whole, and uphold the Commissioner's factual findings that are supported by inferences reasonably drawn from the evidence even if another interpretation is also rational. *Robbins*, 466 F.3d at 882; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995).

\\\

\\\

\\\

## DISCUSSION

### I. Claims of Error

The claimant bears the burden of showing that the ALJ erred and that any error was harmful. *McLeod v. Astrue*, 640 F.3d 881, 886-87 (9th Cir. 2011). Parker assigns two errors. First, Parker contends the ALJ improperly disregarded evidence that he required supportive supervision. He claims the ALJ should have included a limitation to "special supportive supervision" in her RFC assessment. Pl.'s Br. 6. He claims this error was harmful because his past work as a janitor does not accommodate special supportive supervision. Second, Parker contends the ALJ improperly disregarded the VE's testimony that a worker who required additional bathroom breaks would need to get organized and stay on task to complete his duties on time. Parker contends he has moderate limitation in concentration, persistence or pace that preclude him from getting organized and staying on task.

### II. Supportive Supervision

Parker worked as a janitor in the post office until his term expired and he left for reasons unrelated to his performance, medical condition, or alleged limitations. He now claims the work was a unique experience because he had a supportive supervisor who allowed him to take extra bathroom breaks for frequent bouts of diarrhea. Admin. R. 19, 48, 166. Parker testified that his supervisor allowed him to take up to six extra bathroom breaks of 15 to 20 minutes each during the workday. Admin. R. 49.

The ALJ found Parker's subjective statements about the limiting effects of his symptoms were not credible and could not be relied upon to determine his residual functional capacity. Admin. R. 23. Parker did not challenge that credibility determination in this appeal and I find no basis to

overturn it. Accordingly, his subjective testimony is not available to support the claim that he would be unable to work without supportive supervision.

Parker also submitted a letter from David Eastman who worked with Parker as a post office janitor. Eastman said he and Parker were assigned to work together a majority of the time while Parker was employed at the post office. Parker contends the letter supports his claim that he needed and was permitted excessive bathroom breaks, but the ALJ correctly noted that Eastman said he could not recall how frequently Parker took breaks to use the bathroom. Admin. R. 29, 238. The ALJ reasonably found it unlikely that Eastman would be unable to remember that his work partner failed to do his share of the work because he was in the bathroom six times a shift for 20 minutes on a daily basis. The ALJ said "the fact that he cannot remember the claimant excessively using the restroom tends to cast doubt on the claimant's allegation." Admin. R. 29. I find no error in the ALJ's evaluation of Eastman's lay witness statement. Her interpretation of this evidence is rational and will not be disturbed. *Robbins*, 466 F.3d at 882

In addition, Parker relies on the opinions of Michael Dennis, Ph.D. and Joshua Boyd, Psy.D., who evaluated his medical records for the state agency. The Commissioner relies on consultants such as Drs. Dennis and Boyd to make findings of fact about the nature of a claimant's impairments and the severity of the functional limitations they impose. 20 C.F.R. § 416.927(f); SSR 96-6p. Such reviewing sources do not treat or examine the claimant and their opinions are given weight only to the extent they are supported by the record and consistent with the record as a whole. An ALJ is not bound by the findings of reviewing consultants, but may not ignore their opinions and must explain the weight given to the opinions in the decision. SSR 96-6p.

Parker focuses on the comment in the opinions of Drs. Dennis and Boyd that he was "able to respond to supervision that is objective and supportive (not special)." Admin. R. 89, 102. The ALJ correctly noted that this comment did not express a functional limitation, *i.e.*, it states the minimum that Parker *is capable of* but does not identify a specific work-related activity that Parker is *not* capable of. Accordingly, the ALJ reasonably excluded it from her RFC assessment.

In addition, the ALJ found the comment regarding supportive supervision entitled to little weight, in context with the reviewing physicians' overall opinions. Admin. R. 30. Drs. Dennis and Boyd found Parker "not significantly limited" in any functional domain regarding supervision. They said he could understand, remember and carry out simple instructions, perform activities within a schedule, maintain attendance and punctuality, sustain a routine without special supervision, make simple work-related decisions, complete a workday and perform at a consistent pace, accept instructions, respond appropriately to criticism from supervisors, ask questions and request assistance, and get along with coworkers. Admin. R. 88-89, 100-101. They found "No evidence of a need for special supervision." Admin. R. 89, 101. In light of these findings and the absence of a functional definition for "supportive supervision," the ALJ was justified to conclude that such a hypothetical limitation would not assist the VE in providing testimony regarding occupations Parker could perform. Admin. R. 30. The ALJ adequately explained the weight he gave the reviewing physicians' opinion in reaching her decision.

An ALJ is not required to incorporate limitations found unsupported by the evidence in the record. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); Batson, 359 F.3d at 1197-98; *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001). The ALJ properly found a limitation to work with supportive

5 - OPINION AND ORDER

supervision unsupported by the evidence. I find no error in the ALJ's exclusion of such a limitation from the RFC assessment.

### III. Vocational Expert

At step four of the disability-determination process, the claimant bears the burden of showing that he can no longer perform his past work. 20 C.F.R. § 416.920(e). Unless the claimant satisfies this burden, he will be found not disabled. *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). A claimant must show that he can perform neither the actual functional demands and job duties of a past relevant job as he performed it, nor the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *Carmickle v. Commisioner, Social Security Administration*, 533 F. 3d 1155, 1159 (2008).

Parker failed to show that he could not perform his past janitorial work as he did it in the past. As discussed previously, the ALJ found his claimed need for supportive supervision and excessive bathroom breaks of up to six per day lasting up to 20 minutes each unsupported by credible evidence in the record. In addition, the evidence shows that Parker was able to perform janitorial work during the alleged period of disability and ended that work for reasons unrelated to his alleged disability. Accordingly, his step-four argument cannot be sustained.

Parker also failed to show he could not perform janitorial work as it is generally performed in the national economy. The VE testified that a person with Parker's RFC could perform the janitorial occupation because the work has an independent nature with tasks that need to be completed in an eight hour shift. A worker who requires extra bathroom breaks is not precluded from this occupation if he is organized and stays on task enough to get his duties finished by the end of the shift. Admin. R. 77-78.

6 - OPINION AND ORDER

Parker argues that he cannot be expected to focus and stay on task because the ALJ found he had moderate difficulties in concentration, persistence, or pace. Admin. R. 21. This argument implicates the ALJ's assessment of the so-called "paragraph B criteria" for the purposes of step three of the sequential evaluation process, which Parker did not challenge in this appeal.

At step three, an ALJ must determine whether the claimant's impairments are equivalent to "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 416.920(d). The criteria for these listed impairments are enumerated in the regulations. For mental impairments, the criteria include ratings of the degree of limitation the impairments impose on the claimant in four broad categories of function known as the B criteria. Deficiencies of concentration, persistence or pace is one of the four B criteria. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00C. If a claimant can show the requisite degree of limitation in the B criteria, and the other criteria for a particular listing, then the claimant will be presumed to be disabled and it is unnecessary to make an RFC assessment. 20 C.F.R. § 416.920a(d). Here, the ALJ found that Parker did not make the requisite showing and proceeded to assess his RFC. Parker does not challenge that aspect of the ALJ's decision.

The broad categories of function that make up the B criteria, including deficiencies of concentration, persistence or pace, are not used for assessing a claimant's RFC. The RFC assessment requires a more detailed evaluation of the claimant's limitations in specific work-related functions. The broad functional category "concentration, persistence or pace," for example, refers to abilities such as carrying out instructions, maintaining attention and concentration long enough to complete required tasks, adhering to a schedule within customary tolerances, sustaining an

ordinary routine, working in coordination or proximity to others, making simple work-related decisions, and performing at a consistence pace. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00C(3).

As noted previously, Drs. Dennis and Boyd found Parker "not significantly limited" in most of the specific work-related functions within the broad category of concentration, persistence or pace, finding only that he would have difficulty carrying out detailed instructions. Admin. R. 88-89, 100-101. In her RFC assessment, the ALJ adopted limitations that preclude work involving detailed instructions to accommodate that limitation, work requiring teamwork assignments to accommodate any difficulty working in coordination with others, and work that does not permit extra bathroom breaks to accommodate his difficulty adhering to a schedule. Admin. R. 22. Accordingly, the ALJ's RFC assessment reflected the moderate limitations in concentration, persistence or pace that the ALJ found supported by the record.

The ALJ elicited testimony from the VE with hypothetical assumptions that accurately reflected her RFC assessment, including the limitations that fall within the broad category of concentration, persistence or pace. The VE testified that a person with such an RFC could perform Parker's past janitorial work as it is generally performed in the national economy. Parker has, therefore, failed to show that he cannot perform his past relevant work. Accordingly, the ALJ's determination that Parker was not disabled within the meaning of the Social Security Act must be affirmed. *Carmickle*, 533 F.3d at 1159.

\\\

\\\

\\\

\\\

8 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, Parker's claims of error cannot be sustained. The Commissioner's decision is AFFIRMED.

DATED this 12th day of July, 2016.

Robert E. Jones, Senior Judge
United States District Court